IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ira Milton Kinard, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:10-cv-03246-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| Greenville Police Department, Officers | ) | |
| and/or Former Officers, C.B. Mills, Matthew | ) | |
| Scott Jowers, Jeremiah Milliman, American | ) | |
| Security, and Greenville Hospital System, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants City of Greenville (incorrectly identified as Greenville Police Department) (the "City"), C.B. Mills, Matthew Scott Jowers, and Jeremiah Millman's (collectively "Officers") Motion to Dismiss Plaintiff Ira Milton Kinard's ("Kinard") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 10]; Defendant Greenville Hospital System's ("GHS") Motion to Dismiss [Doc. 11]; and Defendant American Services, Inc.'s (incorrectly identified as American Security) ("American") Amended Partial Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative For a More Definite Statement Pursuant to Rule 12(e) [Doc. 12]. Also before the court is Plaintiff Ira Milton Kinard's ("Kinard") Motion to Amend Complaint [Doc. 18]. For the reasons set forth below, the court grants all Defendants' motions to dismiss and grants Kinard's motion to amend.

1

**FACTUAL AND PROCEDURAL HISTORY**

This case arises out of an incident that occurred at Greenville Memorial Hospital on or about November 22, 2008. Kinard alleges that he was verbally accosted and physically assaulted by C.B. Mills, a security officer working for American and off duty City of Greenville Police Officer, while attempting to obtain medical attention in the emergency room at Greenville Memorial Hospital. *See* Proposed Amended Complaint ("PAC"), at ¶¶ 11-14. Kinard further alleges that he was transported out of the emergency room waiting area without medical supervision and taken to a police vehicle where he allegedly suffered additional verbal and physical attacks from C.B. Mills, Jeremiah Millman, and Matthew Scott Jowers. *Id.* at ¶¶ 15-18. Additionally, Kinard alleges that Jowers and an unidentified female nurse allegedly prohibited physicians from administering medical attention. *Id.* at ¶¶ 19-22. Kinard contends that as a result of the aforementioned acts, he incurred an internal derangement of the knee and suffered post traumatic stress disorder. He originally brought this action against Defendants in state court asserting causes of action for assault and battery, lynching, negligence, false arrest, false imprisonment, and violation of his civil rights under 42 U.S.C. § 1983. Defendants removed the action to this court and filed these motions to dismiss. After Defendants filed their respective motions, Kinard sought leave to amend his complaint.

Kinard's original complaint and proposed amended complaint assert the same causes of action against these same Defendants. However, the proposed amended complaint purports to address the deficiencies outlined by Defendants in their motions to dismiss. For clarity and convenience, the court will review Defendants' motions in light of Kinard's proposed amended complaint.

## STANDARD OF REVIEW

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir.1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of

truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

### A.    GHS's Motion to Dismiss

GHS argues that it is entitled to dismissal of Kinard's complaint in its entirety. Specifically, GHS alleges that Kinard has failed to plead any facts or make any allegations as to acts or omissions of GHS which would give rise to any of the claims against it.

GHS argues that Kinard failed to state a claim for negligence. To recover for negligence, a plaintiff must show: (1) the existence of a duty, (2) a breach of that duty by the defendant, (3) an injury, and (4) proximate cause.  *See Bullard v. Ehrhardt*, 283 S.C. 557, 324 S.E.2d 61 (1984). In this case, Kinard makes no factual allegations beyond the conclusory statements that "Greenville Hospital Emergency Room personnel had a duty to allow [him] to receive medical services" and that "Greenville Hospital Emergency Room personnel, . . . breached the duty to allow [him] to receive medical services." PAC ¶¶ 30 and 32. The complaint contains no facts or allegations concerning any actions or omissions of a GHS employee which would constitute a breach of the alleged duty. Additionally, the complaint fails to allege that any of the individual defendants were employees of GHS and fails to contain any allegations stating how GHS is responsible for the alleged actions taken by the individual defendants. Kinard's allegations of negligence against GHS are simply too bare to state a claim to relief that is plausible on its face. Therefore, the court dismisses Kinard's negligence claim against GHS.

GHS further argues that Kinard's claim for violation of his civil rights under § 1983 fails because Kinard has not alleged and cannot demonstrate that GHS was a state actor. A plaintiff must

show the defendant was acting under color of law in order to recover under 42 U.S.C. § 1983. *See Dowe v. Total Action Against Poverty*, 145 F.3d 653, 658, (4th Cir. 1998). In the PAC, Kinard does not make a single factual allegation which would show that GHS acted in any way under color of state law in the incident at issue. Accordingly, the court dismisses Kinard's claim under § 1983 against GHS.[1]

GHS additionally argues that Kinard has provided no factual basis for asserting the cause of action of false imprisonment against GHS. To sustain a claim of false imprisonment against GHS. Plaintiff must allege facts which demonstrate how GHS intentionally and unlawfully restrained him. *See Jones by Robinson v. Winn Dixie Greenvile, Inc*., 319 S.C. 171, 456 S.E.2d 429, 432 (1995). Plaintiff fails to state any such facts within his PAC. Kinard admits he was a patient at the hospital. He does not suggest that he was a patient against his will or that GHS did or said anything which could have led Kinard to believe that he was not allowed to leave the hospital if so desired. In fact, Kinard's claim for negligence is based, presumably, on GHS allowing Kinard to be removed from the emergency room without medical attention. Kinard's complaint is wholly deficient in pleading a claim for false imprisonment against GHS. Therefore, the court dismisses Kinard's false imprisonment cause of action against GHS.

Kinard only makes claims in his PAC against GHS, by specifically naming GHS in the cause of action or asserting the cause of action generally against all Defendants, for negligence, violations of civil rights under § 1983, and false imprisonment. As discussed, the court dismisses these claims

---

[1] Although not argued by GHS, the court also finds that Kinard has failed to articulate any policy attributable to GHS which would support its liablity under § 1983. A private corporation is not liable under §1983 for the actions of its employees unless "an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).

against GHS.  Because there may be a set of facts under which Kinard may be able to state a claim against GHS, the court dismisses his complaint against GHS without prejudice.  The court need not address  Kinard's claims for assault and battery, lynching, or false arrest because Kinard makes no allegations in these causes of action concerning GHS.

**B.      American's Motion to Dismiss**

American asserts that it is entitled to dismissal of Kinard's 42 U.S.C. § 1983 claim as stated in his PAC.  Specifically, American argues that Kinard has asserted no facts to support a claim that American or its alleged employee acted under color of state law.

Kinard alleges that American Services is a corporation doing business in Greenville, South Carolina. PAC ¶¶ 2, 4.  In his PAC, Kinard adds the allegations that Defendant Mills was an employee of American Services and was dressed in his Greenville City police uniform at the time of the incident. PAC ¶¶ 7-8.  However. these allegations are insufficient to establish that Defendant Mills or American was acting under color of state law at the time of the incident. *See Jones v. Wet Seal Retail, Inc*., 519 F. Supp. 2d 1164, 1170-71 (D. Kan. 2007) (finding allegation that security guard who detained plaintiff was an off-duty police officer, wearing a police uniform and police badge, insufficient to deem an individual to be acting under color of state law); *see also Herman v. Lackey*, 309 Fed. Appx. 778, 782 (4th Cir. 2009)(noting that  "[t]he person charged [under § 1983] must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions"). Therefore, Kinard's § 1983 claim against American is dismissed without prejudice.

6

American further asserts that Kinard has failed to allege any facts to support his claim that American violated his First, Fifth or Eighth Amendment rights. The court agrees.[2]

In order to make a claim under § 1983 based on retaliation for protected speech, a plaintiff must demonstrate: 1) his or her speech was protected; 2) the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and 3) a causal relationship exists between the speech and the defendant's retaliatory action. *See Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685-86 (4th Cir. 2000). Kinard has pled no facts demonstrating that he was exercising his right to use protected speech during the time of his alleged detention, nor has he pled any facts demonstrating American or its security officer acted in any manner to retaliate against Kinard's exercise of his free speech rights.

Kinard also purports to allege a claim for violation of his Fifth Amendment rights pursuant to 42 U.S.C. §1983. Specifically, he states "Plaintiff alleges the defendants violated his civil and personal and property rights under the United States Constitution Amendment V." PAC ¶ 45.

The Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Kinard generally alleges a violation of the Fifth Amendment, but does not indicate which of the Fifth Amendment rights he claims American violated or how the rights were violated. His general

---

[2] Kinard's First, Fifth or Eighth Amendment claims are deficient as to each defendant for the reasons stated in this section.

allegations are insufficient to state a claim and Kinard's First and Fifth Amendment claims are dismissed without prejudice.

Additionally, Kinard's Eighth Amendment claim fails. It is axiomatic that the Eighth Amendment prohibition against cruel and unusual punishments attaches only after conviction and sentencing. *See e.g., Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989) (citing Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977) (stating "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). Kinard's PAC clearly demonstrates that, at the time of this incident, he was not in the custody of any correctional institution and no conviction or sentencing had occurred relevant to the incident. Therefore, the court dismisses Kinard's Eighth Amendment allegations with prejudice.

**C.      City of Greenville's Motion to Dismiss**

The City filed a Motion to Dismiss [Doc. 10] on behalf of itself and the Officers. Subsequent to their filing, Kinard sought to amend his complaint. Despite, Kinard's filing, the City maintains that the partial dismissal of Kinard's action is warranted.

The City first contends that Kinard's 42 U.S.C. § 1983 claims against the City should be dismissed because he failed to allege that his constitutional rights were deprived as a result of an official City custom or policy. The City acknowledges that Kinard's PAC proposes to include a conclusory allegation that the "policy and procedures of the City of Greenville…allowed [the Officers]…to arrest and transport [Plaintiff] to Greenville County Detention Center…without medical advisement." *See* PAC ¶ 49. However, the City maintains that this allegation is insufficient to state a claim against the City.

To maintain a § 1983 action against a municipality, a plaintiff must "adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999). "The challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights." *See Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)(citations omitted). "Instead, a 'plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.'" *Id.* Where a plaintiff fails to adequately plead the existence of an official policy, practice, or custom that proximately caused the plaintiff's deprivation of rights, dismissal is appropriate. *See Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984) (affirming the dismissal of a 42 U.S.C. § 1983 claim against a municipality where the plaintiff failed to plead facts sufficient to support a claim of the existence of a specific municipal policy, practice, or custom that proximately caused the plaintiff's injury).

Here, although Kinard proposes to amend his complaint to include an allegation that the City maintained a "policy or custom" which led to his injuries, he has not pled any facts which would support his conclusory allegation. He has not alleged any facts indicating that the actions of the Officers were a result of a particular written policy of the City or the result of known, widespread conduct by City employees. Accordingly, Kinard has failed to plead a cause of action under § 1983 against the City of Greenville and the court dismisses this claim without prejudice.

The City further argues that Kinard's 42 U.S.C. § 1983 claims against the Officers in their

9

official capacities should be dismissed. Kinard's PAC does not specify whether his allegations against the Officers under § 1983 are in their official or individual capacities. A suit against an officer in his official capacity is the same as a suit against the governmental entity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, to the extent that Kinard's claims are brought against the Officers in their official capacity, these claims are duplicative of his claims against the City and are dismissed with prejudice. However, to the extent that such claims are made against the Officers personally, Kinard may maintain those claims. However, he must provide a more definite statement concerning his claims against the Officers in his amended pleading.

The City also argues that Kinard's state law claims against the Officers should be dismissed because the Officers are immune from liability pursuant to the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. 15-78-10, *et. seq*. The SCTCA provides the "exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code Ann. § 15–78–70(a). Pursuant to the Act, an employee of a governmental entity is immune from tort liability for acts committed while operating within the scope of his official duty. Governmental entities generally operate through their employees. Therefore, when an entity is sued because of the alleged tort of an employee acting within the scope of his or her employment, the Tort Claims Act provides that only the agency shall be named as a party. *See* S.C. Code Ann. § 15-78-70(c). However, an employee may be sued in his or her individual capacity and immunity does not apply where the employee's conduct constitutes "actual malice" or "intent to harm." S.C. Code Ann. § 15–78–70(b). Kinard's PAC does not clearly state whether he is suing the Officers in their official or individual capacities. Therefore, Kinard is instructed to make a more definite statement regarding this issue in his amended pleading.

Finally, the City asserts that Kinard may not recover punitive damages or prejudgment interest against the City pursuant to 42 U.S.C. § 1983 or the SCTCA. Generally, punitive damages are available under § 1983 upon a showing that a defendant is motivated by an evil intent or shows a reckless or callous indifference to a plaintiff's rights. *See Smith v. Wade*, 461 U.S. 30, 34-35, 103 S. Ct. 1625, 75 L.Ed.2d 632 (1983). However, such damages are not recoverable against a municipality. *See Newport v. Fact Concerts*, 435 U.S. 247 (1981) *and* S.C. Code Ann. § 15-78-120. Therefore, Kinard's claims for the recovery of punitive damages and interest against the City are dismissed with prejudice.

**D.     Kinard's Motion to Amend**

Kinard requests the court to allow him to amend his complaint. Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend a pleading once as a matter of course within twenty-one (21) days after serving it or within twenty-one (21) days after service of a responsive pleading or motion under Rule 12. It further provides that "leave [to amend the pleadings] shall be freely given where justice so requires." Fed. R. Civ. P. 15(a). Kinard requested leave to amend his complaint approximately one week after receiving Defendants' motions to dismiss. Therefore, he may amend his pleading as a matter of course under Rule 15. However, the court finds that Kinard's proposed amended complaint fails to sufficiently cure the deficiencies of his original complaint.

Accordingly, the court will allow Kinard to amend his complaint, but such amended complaint must contain definite statements of fact to address the deficiencies outlined in this order.

## Conclusion

For the foregoing reasons, the court **GRANTS** Defendants' Motions to Dismiss. [Docs. 10, 11, and 12]. The court further **GRANTS** Kinard's Motion to Amend [Doc. 18], but declines to accept the

proposed amended complaint as attached to the motion. Instead, Kinard may amend his complaint by providing definite statements of fact and allegations in accordance with this order. Such amended complaint must be filed within thirty (30) days of this order.

    **IT IS SO ORDERED.**

                                                     s/ J. Michelle Childs
                                                     United States District Judge

August 5, 2011
Greenville, South Carolina