IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ira Milton Kinard, | ) | |
| | ) | C/A No. 6:10–3246-TMC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| City of Greenville; Officers | ) | |
| and or Former Officers C.B. | ) | |
| Mills, Matthew Scott Jowers, | ) | |
| Jeremiah Milliman, and American | ) | |
| Services, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter is before the court on the Defendants American Services, Inc. ("American Services"), City of Greenville ("City"), Officer C.B. Mills ("Mills"), and Officer Jeremiah Milliman's ("Milliman's") Motions to Dismiss. In his Second Amended Complaint, Plaintiff Ira Milton Kinard ("Plaintiff") asserts federal claims pursuant to 42 U.S.C. § 1983 for violations of his 4th, 6th, 7th, 8th, and 14th Amendment rights and a state law cause of action for assault and battery and intentional infliction of emotional distress. Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendant American Services and Defendants the City, Mills, and Milliman filed two separate motions to dismiss for failure to state a claim (Dkt. # 44 and 45). For the reasons set forth below, these motions are granted in part and denied in part.

**STANDARD FOR A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, l251 (4th Cir.1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.' " *Ashcroft v. Iqbal*, —— U.S. ——, ——, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U .S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).

## FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Plaintiff alleges that on November 22, 2008, he was brought to Greenville Memorial Hospital ("Hospital") by emergency medical services ("EMS") complaining of migraines, and lower back pain and muscle spasms, and/or a severe leg cramp. He was transported to the emergency room ("ER") by wheel chair where Plaintiff states that he lowered himself to the floor. Plaintiff alleges that Mills, an off-duty City of Greenville police officer working as a private security guard for American Services, verbally accosted him using derogatory expletives and gender slurs and physically assaulted him by doing "knee drops" on Plaintiff's back.  He alleges Mills pulled him back into the wheelchair, transported him out of the ER, and placed him into a police car.  Plaintiff alleges City of Greenville police officers Matthew Jowers ("Jowers") and Milliman pulled him into the police car while verbally accosting him with gender slurs and offensive language. He further alleges Jowers made sexual comments to him alluding to rape and then slammed the door on his leg several times.

Plaintiff alleges the verbal assault and threats continued on the ride to the

2

Greenville County Detention Center ("GCDC") and the GCDC refused to accept him because of his condition and "because he had not properly been arrested." He states he was sent back to the Hospital by EMS. Plaintiff alleges he suffered physical pain and assault, emotional suffering and distress, mental anguish, undue grief, indignity, and loss of enjoyment of life.

Plaintiff originally brought this action in state court. Defendants removed the action to this court and filed motions to dismiss. Plaintiff sought leave to amend his complaint and submitted a proposed amended complaint. United States District Judge J. Michelle Childs granted Defendants' motions to dismiss. Judge Childs also granted Plaintiff leave to amend, but she found the proposed amended complaint which Plaintiff had submitted was insufficient to cure the deficiencies of the original complaint. Therefore, she granted Plaintiff thirty days to file another amended complaint which she ordered must contain definite statements of fact to address the deficiencies outlined in her order. Plaintiff thereafter filed an amended complaint and the next day he filed a motion to amend his amended complaint. Judge Childs granted this motion to amend to allow Plaintiff to clarify the proper defendants and further explain the basis for certain causes of action. Plaintiff subsequently filed his Second Amended Complaint and Defendants have again filed motions to dismiss this complaint.

### DISCUSSION

**1) American Services' Motion to Dismiss**

American Services moves for dismissal with prejudice of all of Plaintiff's claims based upon Plaintiff's failure to comply with the Judge Child's order and also for failure to state a claim pursuant to Rule 12(b)(6). First, the court will address American Services' argument that all of Plaintiff's claims should be dismissed with prejudice for failing to follow the court's prior order. The Federal Rules of Civil Procedure recognize

3

that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b).

The Fourth Circuit Court of Appeals has identified four factors to be considered before dismissing a case pursuant to Rule 41(b): (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978). These factors "are not a rigid four-prong test," and "the propriety of a dismissal . . . depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 94 (4th Cir.1989). "[D]ismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." *Berry v. South Carolina Dep't of Soc. Servs.*, 1997 WL 499950, at 6 (4th Cir.1997). The Fourth Circuit has also mandated that before dismissing a case with prejudice, district courts must give a party "clear and explicit" warning of the consequences of failing to satisfy the court's orders. *See Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir.1993).

In this case, upon consideration of the *Davis* factors, the court finds dismissal would be too harsh a sanction in this instance as it appears that the failure to follow the court's prior orders was not the fault of Plaintiff (as opposed to his counsel) and the amount of prejudice caused to American Services is minimal. Accordingly, the court will not dismiss with prejudice all of Plaintiff's claims for failing to follow the court's prior order. American Services' Motion to Dismiss for failure to state a claim is discussed below.

4

**A) Section 1983 claims**[1]

American Services moves to dismiss on the ground that Plaintiff fails to plead facts in his Second Amended Complaint sufficient to allege a § 1983 claim. Specifically, American Services contends that Plaintiff has failed to allege facts which demonstrate that: 1) American Services acted under the color of state law; 2) American Services' policies and customs caused a deprivation of Plaintiff's civil rights; and 3) American Services violated Plaintiff's constitutional rights. The court agrees.

Section 1983 provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C.A. § 1983. To state a § 1983 claim, Plaintiff has to establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999).

To impose liability under § 1983 against a county or city, Plaintiff must allege that the action at issue was one that "execute[s] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or that represents informal governmental "custom." *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Counties and other local governments cannot be held liable under §

---

[1] As an initial matter, the court notes that in his Second Amended Complaint Plaintiff has alleged a § 1983 claim pursuant to the 8th Amendment. (2nd Am. Compl. ¶ 6). However, Plaintiff's 8th Amendment claim was dismissed with prejudice by Judge Childs. (Dkt. # 26 at 8).

1983 for injuries inflicted by their employees or agents based on the theory of respondeat superior. *Id.* at 694.

Similarly, a private corporation is not liable under § 1983 for torts committed by it employees when such liability is predicated solely upon a theory of respondeat superior. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir.1999); *see also Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir.1982) (holding that the principles of § 1983 municipal liability articulated in *Monell v. Dep't of Soc.* are "equally applicable to the liability of private corporations" and "a private corporation cannot be saddled with section 1983 liability via respondeat superior alone."). "[P]rivate corporations can only be held liable under § 1983 if "an *official policy or custom of the corporation* causes the alleged deprivation of federal rights." *Rodriguez v. Smithfield Packing Co., Inc.*, 338 F.3d 348, 355 (4th Cir. 2003) (emphasis added)(*citing Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir.1999).

Plaintiff has failed to plead any facts demonstrating that a specific policy or custom of American Services led to his alleged injuries. Plaintiff alleges that the Defendants "were acting under th (sic) cover of pretense of South Carolina law, customs, practices, usage or policy at all times mentioned herein as police officers or other such personnel or employees and had certain duties imposed upon them with regard to the Plaintiff herein." (2nd Am. Compl. at ¶ 26). However, Plaintiff does not identify a specific policy or custom of American Services nor allege a direct causal link between that policy or custom and his injuries. *Walker v. Prince George's County, Md.*, 575 F.3d 426, 431 (4th Cir. 2009) (finding that a plaintiff is obliged to identify a policy or custom that caused injury).

In his response to American Services' Motion to Dismiss, Plaintiff refers to "the specific policy of the Greenville Police Department that allowed Plaintiff to be falsely

6

arrested at Greenville Memorial Hospital after he was transported there by Greenville Emergency Medical Services, which violated his Constitutional right to seek medical treatment." (Dkt. # 50 - Pl.'s Mem. Opp. Mot. to Dismiss at 2).  First, Plaintiff refers to a policy of the Greenville Police Department, and not American Services.  Second, Plaintiff still has not identified a "specific" policy.

Plaintiff's allegations are far too general and vague. He has not pled that American Services adopted a policy or custom pursuant to which Mills acted. Plaintiff's conclusory assertions are insufficient.[2] Accordingly, Plaintiff's 1983 claims against American Services are dismissed with prejudice.[3]

### B) State Law Claims[4]

#### i) Intentional Infliction of Emotional Distress

---

[2] The question of whether American Services was a state actor is a difficult one and need not be addressed because Plaintiff has failed to allege or establish that any deprivation of his federal rights was caused by an official policy or custom of American Services.  *See Austin*, 195 F.3d 715.

[3] Ordinarily, leave to amend is granted liberally to cure any defects in a pleading. Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, Plaintiff does not request further amendment, and the defects that were apparent in Plaintiff's claims in his original complaint have not been cured. Plaintiff previously requested, and the court granted, leave to address the deficiencies in his pleading.  Plaintiff has now been provided several opportunities to attempt to cure the deficiencies in his claims, which he has failed to do. The court concludes that further leave to amend is unwarranted. *Cf. Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999) (noting that leave to amend should be freely given "[i]n the absence of any apparent or declared reason—such as . . . repeated failure to cure deficiencies by amendments previously allowed" (*quoting Foman v. Davis*, 371 U.S. 178, 182(1962)). Because Plaintiff has made multiple attempts to sufficiently state his claims, the court dismisses these claims with prejudice. *Feeley v. Total Realty Mgmt.*, 660 F.Supp.2d 700, 715-716 (E.D.Va. 2009) and *Robinson v. Morgan Stanley*, 2008 WL 4874459, at *7 (N.D.Ill. June 18, 2008).

[4] Although Plaintiff sets out his cause of action as one, for assault and battery and intentional infliction of emotional distress (2nd Am. Compl. at 7), the court addresses these as separate causes of action.

7

Plaintiff alleges a state law claim of intentional infliction of emotional distress.[5] To establish such a claim, Plaintiff must show Defendants: (1) "intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct"; (2) that the conduct was so outrageous it exceeded "all possible bounds of decency" and so "atrocious" it was "utterly intolerable in a civilized community"; (3) such actions actually caused plaintiff's emotional distress; and (4) the emotional distress was so severe "no reasonable man could be expected to endure it." *Hansson v. Scalise Builders*, 650 S.E.2d 68, 70 (S.C. 2007) (*citing Ford v. Hutson*, 276 S.E.2d 776 (S.C.1981).

In *Hansson*, the South Carolina Supreme Court found that the plaintiff's testimony he lost sleep and developed a habit of grinding his teeth was not sufficient to survive summary judgment. The court held that:

> To permit a plaintiff to legitimately state a cause of action by simply alleging, 'I suffered emotional distress' would be irreconcilable with this Court's development of the law in this area. In the words of Justice Littlejohn, the court must look for something 'more'—in the form of third party witness testimony and other corroborating evidence—in order to make a prima facie showing of 'severe' emotional distress.

*Hansson*, 650 S.E.2d at 72.

Here, Plaintiff alleges he suffered "physical pain, emotional suffering, indignity, physical assault, and loss of his afore-mentioned Federal rights, and the Plaintiff did suffer the loss of enjoyment of life, mental anguish, emotional distress, undue grief, and will likely suffer from the effects of the Defendants actions now and in the future." (2nd

---

[5]As American Services points out, this cause of action was not alleged in Plaintiff's original complaint and when Judge Childs granted Plaintiff leave to amend, leave was not granted to add additional causes of action but rather to clarify the proper defendants and further explain certain already alleged causes of action.

Am. Compl. ¶ 34). These allegations are not sufficient to state a cause of action for intentional infliction of emotional distress. As Plaintiff cannot prevail on a claim of intentional infliction of emotional distress on the facts as alleged, this cause of action is dismissed. *Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"). Again, because Plaintiff has had multiple attempts to sufficiently state his claims, the court dismisses this claim with prejudice. *See supra n. 3.*

### ii) Assault and Battery

Plaintiff also alleges a state law claim of assault and battery. An assault occurs when a person has been placed in reasonable fear of bodily harm by the conduct of the defendant and a battery is the actual infliction of any unlawful, unauthorized violence on the person of another. *Herring v. Lawrence Warehouse Co.*, 72 S.E.2d 453 (S.C. 1952). Under South Carolina caselaw, liability of an employer, under the doctrine of respondeat superior, is established if the employee was at the time engaged in the discharge of duties entrusted to him in reference to the particular matter in hand and acting within the apparent scope of his employment. Reviewing Plaintiff's Second Amended Complaint, the court finds that Plaintiff has sufficiently alleged a cause of action for assault and battery against American Services based upon Mills' alleged actions. Accordingly, the court denies American Services' Motion to Dismiss this claim.

**2) City of Greenville, Mills, and Milliman's Motion to Dismiss**

Defendants the City and Officers Mills and Milliman, in their official capacities, move for dismissal for failure to state a claim pursuant to Rule 12(b)(6). The City contends that Plaintiff's § 1983 claims it should be dismissed because Plaintiff has failed to plead a specific policy or custom of the City that caused a deprivation of Plaintiff's

rights and the City cannot be held liable for an intentional tort of its employees. The Officers Mills and Milliman, in their official capacities, contend they should be dismissed because a claim against them in their official capacities is the same as a claim against the City. Finally, these Defendants contend that Plaintiff may not recover punitive damages or prejudgment interest pursuant to § 1983 or the South Carolina Torts Claim Act ("SCTCA").

### A) Section 1983 claims against the City

Plaintiff alleges that the City is liable under § 1983 for failure to train and supervise the officers involved in the alleged incident. The City contends that it cannot be held vicariously liable for the actions of its employees pursuant to § 1983. The court agrees.

The doctrine of respondeat superior generally does not apply to claims brought under § 1983. *Monell*, 436 U.S. 658. As noted above, a municipality may be liable under § 1983 only if the alleged wrongful conduct causing the constitutional deprivation is undertaken to effectuate an official policy or custom of the municipality. *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir.1982). Once it is demonstrated that there is a policy established and maintained by the municipality, the municipality is liable for deprivations of constitutional rights caused by actions pursuant to that policy. *Id*. Further, a municipality may be liable for the wrongful acts of its employees if the municipality knew of a pervasive, unreasonable risk of harm from a specific source and as the result of a deliberate indifference or tacit authorization, did not take corrective action. *Slakan v. Porter*, 737 F.2d 368 (4th Cir.1984). Generally, a failure to supervise gives rise to a § 1983 liability only where there is a history of widespread abuse. Only then may knowledge be imputed to the supervisory personnel. A single act or isolated incidents are normally insufficient to establish supervisory

10

inaction upon which to predicate § 1983 liability. *Wellington v. Daniels,* 717 F.2d 932, 936 (4th Cir.1983).

Further, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). In *Drewry v. Stevenson,* 2010 WL 93268 (D.Md. 2010), the court dismissed a constitutional failure to train claim because the complaint alleged no facts showing 1) the nature of the training of sheriff's officers by the County, 2) that any failure to train was a deliberate or conscious choice by the County, or 3) that the conduct was caused by a failure to train. *Id.* at * 4. Further, as *Drewry* notes, "[a] single incident of misconduct by a police officer is not sufficient to state a claim for inadequate training." *Id.*

Here, the allegations in Plaintiff's Second Amended Complaint are insufficient to state such a claim. Plaintiff alleges that the City failed to adequately train and supervise the officers involved in the alleged incident and failed to institute proper procedures and policies to protect Plaintiff's constitutional rights. Plaintiff seems to be questioning the City's allowance of Mills' employment as a private security guard by American Services'. (Dkt. # 50 - Pl.'s Mem. Opp. Mot. to Dismiss at 2.) However, Plaintiff does not allege that the City was deliberately indifferent to Plaintiff's rights in allowing Mills to work as a private security guard or that the City was aware of any unreasonable risk of harm in the manner in which it employed or trained officers.[6] Further, Plaintiff does not allege that any other incidents have occurred in which officers exhibited behavior similar to that

---

[6] The court notes that Plaintiff has not alleged exactly what the City's policy is on allowing officers to work as private security guards or if there is even any official policy on this subject.

11

alleged by Plaintiff in this case. The court finds that Plaintiff's conclusory allegations are simply insufficient to state a § 1983 claim against the City. Again, because Plaintiff has made multiple attempts to sufficiently state his claims, the court dismisses these claims with prejudice. *See supra n. 3.*

**B) Section 1983 claims against Defendants Mills and Milliman in their official capacities**

As Defendants Officers Mills and Milliman note, Plaintiff has not specified in his Second Amended Complaint whether he is suing the officers in their individual or official capacities. These Defendants contend that, to the extent that they are being sued in their official capacities, Plaintiff has failed to state a claim against them. The court agrees. A suit against an officer in his official capacity is the same as a suit against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Furthermore, the court notes that Judge Childs dismissed these claims with prejudice in her prior order. (Dkt. # 26 at 10). Therefore, to the extent that the Plaintiff is alleging claims against Mills and Milliman in their official capacities, these claims are dismissed with prejudice.

**C) State Law Claim against the City**

The City contends that it is immune from Plaintiff's state law claim of assault and battery.[7] While the SCTCA provides a limited waiver of immunity for tort actions against the state, the state has not waived its immunity for intentional torts. South Carolina Code Ann. § 15–78–60(17) states that a "governmental entity is not liable for a loss resulting from . . . . (17) employee conduct . . . . which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." Therefore, the City has immunity for the claims made against it for the intentional tort of assault and battery and

---

[7]The court will not address Plaintiff's cause of action of intentional infliction of emotional distress as it is being dismissed as previously discussed herein.

accordingly these claims against the City are dismissed with prejudice.

### C) Punitive Damages

Finally, the City contends that Plaintiff cannot recover punitive damages on his § 1983 or state law claims against the City. First, the court points out that Judge Childs dismissed with prejudice Plaintiff's claims for punitive damages against the City. (Dkt. # 26 at 11). Furthermore, as the court is dismissing with prejudice these claims against the City, such a claim is also now moot.

Based on the foregoing, Defendants' Motions to Dismiss are **GRANTED** in part and **DENIED** in part. Furthermore, as all the claims against the City of Greenville are dismissed with prejudice, the City of Greenville is dismissed as a defendant.

**IT IS SO ORDERED.**

          s/Timothy M. Cain
          Timothy M. Cain
          United States District Judge

Greenville, South Carolina
April 18, 2012