IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Ira Milton Kinard,            )
                                 )     C/A No. 6:10–3246-TMC
         Plaintiffs,     )
                                 )
v.                        )     **OPINION & ORDER**
                                 )
                                 )
City of Greenville; Officers   )
and or Former Officers C.B.   )
Mills, Matthew Scott Jowers,   )
Jeremiah Milliman, and American  )
Services, Inc.,            )
                                 )
         Defendants.    )
_____

      This matter is before the court on the Defendants Officer C.B. Mills ("Mills") and Officer Jeremiah Milliman's ("Milliman's") Motion to Strike or Amend the Plaintiff's Stipulation of Dismissal.  (Dkt. # 68).  Defendant American Services, Inc. ("American Services"), filed a response to the motion in which it states it agrees that Defendant Mills should be dismissed in his capacity as an employee of American Services. (Dkt. # 70). Plaintiff Ira Kinard has not filed any response to the motion and the time for responding has run.

      Pursuant to Rule 41(a)(1)(A)(ii), Fed. R. Civ. P., Plaintiff filed a stipulation of dismissal with prejudice as to Defendant American Services, Inc. ("American Services"). (Dkt. # 65). However, Rule 41(a)(1)(ii) requires a  stipulation of dismissal to be signed by all parties who have appeared in the action.  Defendants Mills and Milliman did not sign the stipulation. In their motion, Mills and Milliman request that the stipulation be removed from the docket or, alternatively, amended to include Mills.  American Services agrees that the stipulation should be amended to include Mills.[1]

_____

      [1]In its response, American Services provided a copy of the release and settlement agreement entered into by Plaintiff and American Services.  (Dkt. # 70 Attach. #1).  The release also provides for a release of American Services employees.  The Court is inclined

Rule 41(a)(1) provides that a plaintiff may dismiss an action after an answer has been filed without a court order by filing a stipulation of dismissal signed by all parties who have appeared.[2]  However, the stipulation which has been filed in this action does not include all the parties' signatures.  Accordingly, the stipulation is ineffective as to the dismissal of even American Services.  In the event that all parties to this case indeed agree that all claims against American Services and Mills should be dismissed with prejudice, the Court will give the parties an opportunity to file an amended stipulation. If no supplement is filed, the Court will construe the currently filed stipulation as a motion to dismiss with prejudice pursuant to Rule 41(a)(2) and will dismiss with prejudice only the claims against Defendants American Services, after which Mills may then file a motion to dismiss the claims against him.

Based on the foregoing, Defendant Mills and Milliman's Motion Strike or Amend the Plaintiff's Stipulation of Dismissal (Dkt. # 68) is **DENIED**.  The Clerk of Court is instructed to restore Defendant American Services to the docket as a defendant.  Further, the Court **ORDERS** that Plaintiff shall have until June 8, 2012, to file an amended stipulation signed by all the parties and indicating his intention to include Defendant Mills, if appropriate.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
May 31, 2012

to agree that it appears Mills should also be dismissed.

[2]Even though Rule 41 refers to the dismissal of an action, courts have construed this rule as permitting the dismissal of all claims against certain defendants in a case with more than one defendant.  *See, e.g., Redding v. Ameriprise Auto & Home Ins.*, Civ. No. DKC11–3141, 2012 WL 1268327 (D.Md. Apr.13, 2012) (citing cases).  *See also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362, at 409–10.