IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ira Milton Kinard, | ) | |
| | ) | C/A No. 6:10–3246-TMC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| City of Greenville; Officers | ) | |
| and or Former Officers C.B. | ) | |
| Mills, Matthew Scott Jowers, | ) | |
| Jeremiah Milliman, and American | ) | |
| Services, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Rule 41(a)(1)(A)(ii), Fed. R. Civ. P., Plaintiff filed a stipulation of dismissal with prejudice as to Defendant American Services, Inc. ("American Services"). (Dkt. # 65). However, Rule 41(a)(1)(ii) requires a stipulation of dismissal to be signed by all parties who have appeared in the action. Defendants Mills and Milliman did not sign the stipulation. The court gave the parties until June 8, 2012, to file an amended stipulation and stated that, if no supplement was filed, the court would construe the currently filed stipulation as a motion to dismiss with prejudice Plaintiff's claims against American Services pursuant to Rule 41(a)(2). An amended stipulation was not filed. Accordingly, the court will construe the original stipulation as a motion to dismiss pursuant to Rule 41(a)(2).

Under Rule 41(a)(2), a court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d at 1273. "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the

defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986). In deciding whether to dismiss without prejudice under Rule 41(a), "a district court should consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166,178–179 (4th Cir. 2008) (internal quotations and citations omitted). Here, considering these factors and without any opposition, the Court finds that voluntary dismissal is appropriate.

Based on the foregoing, the court dismisses with prejudice the claims against Defendant American Services.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
June 14, 2012

2